UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH III,                               No. 10-13898

        Plaintiff,                 District Judge Mark A. Goldsmith

v.                                            Magistrate Judge R. Steven Whalen

LYNN M. DAVIDSON, ET AL.,

        Defendants.
                                               /

**REPORT AND RECOMMENDATION**

Plaintiff Sam Smith III, a prison inmate in the custody of the Michigan Department of Corrections, has filed a *pro se* civil complaint raising federal civil rights claims,[1] as well as state law claims. These claims arise out of the termination of his parental rights in the St. Clair County, Michigan Circuit Court. As Mr. Smith puts it at ¶14 of his complaint, "This case involves the intentional and grossly negligent acts and omissions of state officials, which prevented Plaintiff from asserting his parental rights."

Mr. Smith has been granted leave to proceed *in forma pauperis* (IFP). Having reviewed the Plaintiff's allegations, I recommend that the Court *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(1).

**I.   FACTS**

The facts as alleged in Mr. Smith's complaint are as follows. In early 2007, he and his then-fiancé, Christa Lyn Brinkmeier, conceived a child, who was born on October 6, 2007. However, both Mr. Smith and Ms. Brinkmeier were arrested in the Spring of 2007, and Mr. Smith was returned to prison as a parole violator. He remains incarcerated, but Ms. Brinkmeier was released from jail

---

[1] In ¶ 12 of his complaint, Mr. Smith asserts jurisdiction under 28 U.S.C. § 1343, which gives federal courts original jurisdiction to hear civil rights conspiracy claims under 42 U.S.C. § 1985, as well as "any Act of Congress providing for the protection of civil rights." *See* § 1343(a)(4). This would include claims under 42 U.S.C. § 1983. Because *pro se* complaints must be liberally construed, *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000), I will construe this complaint as bringing substantive claims under both § 1983 and § 1985.

in September of 2007. Mr. Smith states that "[u]pon her release, Ms. Brinkmeier cut all ties to Plaintiff." *Complaint*, ¶ 19.

While in prison, Mr. Smith, wishing to "assert his parental rights and to contribute to his child's welfare," sought information as to the whereabouts of Ms. Brinkmeier and their child, Blake Anthony Brinkmeier. He subsequently learned that Defendant Misty Wojnarowicz, and employee of the State Department of Human Services ("DHS") had instituted a neglect and abuse petition in the St. Clair County Circuit Court, before Judge Elwood L. Brown.

The gist of the complaint is that despite numerous inquiries to the Circuit Court and to other Defendants, and despite his statements to State officials that he wished to assert his parental rights, Mr. Smith was not given notice of the parental termination proceedings, was not permitted to participate, and in fact was given erroneous information that impeded his ability to intervene in the State court proceedings.

Mr. Smith asserts the following claims against the following Defendants:

Count I: Interference with his First Amendment right to a family relationship

Defendants Lynn Davidson (Macomb County Friend of the Court); Deborah Ellis (Support Specialist for Michigan Office of Child Support); Michael Wendling (St. Clair County Prosecutor); Misty Wojnarowicz (DHS employee); Samantha Lord (attorney appointed by St. Clair County Circuit Court to represent Blake Anthony Brinkmeier, minor child); Edward Messing (staff attorney at St. Clair County Friend of the Court); Janice Williams (legal affairs liaison for DHS); Kimberly Bennett (Deputy Clerk at St. Clair County Circuit Court); and Marilyn Dunn (Clerk of St. Clair County Circuit Court).

Count II: Fourteenth Amendment Due Process

Defendant Elwood Brown (St. Clair County Circuit Court Judge).

Count III: Gross Negligence (Duty fo Inform Plaintiff)

Defendants Davidson, Ellis, Wendling, Wojnarowicz, Lord, Messing, Williams and Bennett.

Count IV: Gross Negligence (Duty to Inform the Court)

Defendants Davidson, Ellis, Wendling, Wojnarowicz, Lord, Messing, Williams and Bennett.

Count V: Fraud or Misrepresentation

Defendants Williams and Lord.

Count VI: Intentional Infliction of Emotional Distress

Defendants Davidson, Ellis, Wendling, Wojnarowicz, Brown, Lord, Messing, Williams, Bennett and Dunn.

As relief, Mr. Smith seeks $10 million in compensatory damages, a declaratory judgment that the Defendants violated his rights, and injunctive relief "requiring defendants to take appropriate actions consistent with a finding that they violated Plaintiff's rights."

## II. STANDARD OF REVIEW

Because Mr. Smith requested and has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides as follows:

"[T]he court shall dismiss the case at any time if the court determines that-

(A) the allegation of poverty is untrue; or
(B) the action or appeal-
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief."

This provision applies to all IFP cases, and empowers the Court to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim on which relief can be granted. *Benson v. O'Brian,* 179 F.3d 1014,1015 -1016 ( 6th Cir. 1999) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint"); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In addition a Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial,

-3-

frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

### III. DISCUSSION

#### A. Federal Claims

Mr. Smith's federal claims under the First Amendment (Count I) and the Fourteenth Amendment (Count II) are subject to *sua sponte* dismissal under both 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(1) for a number of reasons, discussed in more detail below. Some of the Defendants are immune from suit. As to others, the complaint simply does not state a claim on which relief can be granted.

##### 1. Immunity

The following Defendants must be dismissed under the doctrine of absolute judicial or quasi-judicial immunity: Elwood L. Brown, Lynn Davidson, Michael Wendling, Edward Messing, Kimberly Bennett, Misty Wojnarowicz and Marilyn Dunn.[2]

Defendant Elwood Brown is St. Clair County Circuit Court judge. Judges enjoy absolute immunity from personal liability for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). Judicial immunity may be defeated only by showing that the judge's actions were not judicial in nature or that the judge lacked jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Although Mr. Smith makes a conclusory statement that Judge Brown was "acting during the course of his employment, but outside the scope of his authority," *Complaint*, ¶ 6, he alleges no facts showing that the judge did not have jurisdiction or that his actions were not judicial in nature. Indeed, the allegation that Judge Brown acted "during the course of his

---

[2] In addition, all state Defendants sued in their official capacities are protected from suit by Eleventh Amendment sovereign immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

employment" as a judge is inconsistent with the claim that his acts were not judicial in nature. It is clear on the face of the complaint that Judge Brown is protected by absolute immunity, and must be dismissed.

Defendants Davidson, Wendling, Messing, Bennett, Wojnarowicz and Dunn are protected from suit by the doctrine of quasi-judicial immunity. "[N]onjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions." *Moses v. Parwatikar,* 813 F.2d 891, 892 (8th Cir. 1987)(*citing Myers v. Morris,* 810 F.2d 1437, 1466 (8th Cir. 1987)). The Supreme Court has set forth a functional approach for determining whether a non-judicial officer is entitled to absolute immunity, that is, whether that person's actions bear a close relationship to the judicial process, and whether her judgments are comparable to those of a judge. *Cleavinger v. Saxner,* 474 U.S. 193, 201 (1985). *Cleavinger* considered the following six factors characteristic of the judicial process: (1) the need to assure that the individual can perform his functions without harassment or intimidation; (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent; (5) the adversary nature of the process; and (f) the correctability of the error on appeal. *Id.*, 474 U.S. at 202. Further, the Court recognized that it had extended absolute immunity to others who performed judicial functions, such as the federal hearing examiner, administrative law judge, federal and state prosecutors, witnesses, police officers, and grand jurors. *Id.* 474 U.S. at 200-201.

Defendants Bennett and Dunn are the Deputy Clerk and Clerk, respectively, of the St. Clair County Circuit Court. Defendant Davidson is the Macomb County Friend of the Court, Defendant Messing is a staff attorney with the St. Clair County Friend of the Court, and Defendant Wendling is the St. Clair County Prosecutor. Defendant Wojnarowicz is a DHS employee who initiated an abuse and neglect petition in the St. Clair County Circuit Court. All are alleged to have acted during the course of their employment. Under the *Cleavinger* analysis, all were performing public, judicial functions and are entitled to the protection of quasi-judicial immunity. *See Bush v. Rauch*, 38 F.3d

842, 847 (6th Cir. 1994) (extending quasi-judicial immunity to court clerks); *Lyle v. Jackson,* 49 F. App'x 492, 494 (6th Cir.2002) (finding claim against two court clerks who did not provide prisoner with copies of previous filings and transcripts was properly dismissed on the basis of quasi-judicial immunity); *Johnson v. Granholm,* 662 F.2d 449, 450 (6th Cir.1981) (extending absolute immunity to Michigan friends of the court in performing their quasi-judicial duties); *Tidik v. Ritsema,* 938 F.Supp. 416, 422-23 (E.D.Mich., 1996) (extends absolute, quasi-judicial immunity to clerks of the court, referee for friend of the court, and staff attorney for friend of the court); *Imbler v. Pachtman,* 424 U.S. 409 (1976) (recognizing absolute immunity from 42 U.S.C. § 1983 civil rights suit for prosecuting attorneys acting within their scope of duties); *Rippy ex el Rippy v. Hattaway,* 270 F.3d 416, 421 (6th Cir.2001), quoting *Achterhof v. Selvaggio,* 886 F.2d 826, 830 (6th Cir.1989) ("'[S]ocial workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty and so are entitled absolute immunity'").[3]

### 2. Failure to State a Claim

Defendant Deborah Ellis was an employee of the Michigan Office of Child Support. According to ¶ 28 of the complaint, Defendant Davidson, the Macomb County Friend of the Court, wrote to Mr. Smith, telling him that she would forward his correspondence "to the attention of Support Specialist Deborah Ellis." Mr. Smith's sole factual allegation against Ms. Ellis is that she did not "contact[] Plaintiff or inform[] the St. Clair Circuit Court or DHS of Plaintiff's attempts to assert his parental rights." However, even assuming that Ms. Ellis received a communication from Ms. Davidson, she had no constitutional duty–or for that matter, *any* legal duty–to act on that information. *See eg. DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189 (1989) and *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748 (2005), together establishing that a plaintiff has neither a substantive or procedural due process right to government protection against third parties. Further, Mr. Smith does not allege that he even asked Ms. Ellis to contact anyone. Of course, Mr. Smith also alleges that he himself contacted the Court and DHS.

---

[3] Because these Defendants are immune from suit, it is not necessary to discuss Mr. Smith's failure to state a cognizable federal claim against them or to show that they had personal involvement in the denial of any constitutional right.

Samantha Lord was an attorney appointed by the court to represent the minor child in parental termination proceedings. A lawyer representing a client is not a state actor under color of state law within the meaning of § 1983. *Polk County v. Dodson,* 454 U.S. 312, 324-325; 102 S.Ct. 445; 70 L.Ed.2d 509 (1981)(public defender is not state actor for purposes of § 1983). Moreover, her alleged failure to initially respond to Mr. Smith's correspondence or to inform the court or DHS about that correspondence (*complaint*, ¶¶ 49-52) does not make out a constitutional violation, because she had no duty, constitutional or otherwise, to do so. As with Ms. Ellis, the complaint does not allege that Mr. Smith asked Ms. Lord to contact the court or DHS on his behalf.

Mr. Smith alleges that Janice Williams, a legal affairs liaison for DHS, gave him erroneous information about when the court entered its order terminating parental rights. These allegations are also provided in support of the state law claims. However, they do not *plausibly* form the basis of a First Amendment/Family Relationship claim. *See Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Under *Iqbal*, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

To the extent that the complaint alleges violation of 42 U.S.C. § 1985, it also fails to state a claim against these Defendants. Section 1985(3) proscribes conspiracies to deprive persons of their civil rights under the law, and is directed at racial or otherwise protected class-based discriminatory animus behind the conspirators' actions. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). To state a claim under § 1985(3), the complaint must allege a race or class-based discriminatory animus. *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992). Mr. Smith has made no such allegation, and therefore any § 1985(3) claim must be dismissed.

Accordingly, Defendants Ellis and Lord should be dismissed.

### B. State Law Claims

Mr. Smith brings four state law claims: two for gross negligence (Counts III and IV), one for fraud (Count V), and one for Intentional Infliction of Emotional Distress ("IIED") (Count VI). For the reasons discussed above, Defendants Davidson, Wendling, Messing, Bennett, Wojnarowicz and Dunn are immune from suit. Defendants Ellis and Lord have no liability under a negligence theory because they owed no duty to Mr. Smith to answer his correspondence or inform the courts or DHS of his complaints. Nor does the complaint contain any facts that would support a claim of fraud or IIED against attorney Lord.

As to Janice Williams, Mr. Smith alleges that she gave him erroneous information as to the date the court entered the order terminating parental rights. No non-conclusory facts are pled, however, that would plausibly support a finding that she did so fraudulently or with the intent to stymie his legal rights. *Iqbal, supra*. Indeed, there are no facts from which it could be concluded that any of the Defendants acted with the intent necessary to support a claim of IIED.

Even if there were some basis for Mr. Smith's state law claims, this Court would be well-advised to decline supplemental jurisdiction and leave their resolution to the Michigan courts. This is especially true given that this is, at its root, a family law case. The Sixth Circuit has consistently held that "[e]ven when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Company*, 654 F.2d 1212, 1215 (6th Cir. 1981), citing *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th ir. 1973). *Firestone* characterized this as the "domestic relations exception" to federal jurisdiction. 654 F.2d at 1216. Indeed, more than 100 years ago, the United States Supreme Court stated, "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burns*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 34 L.Ed. 500 (1890).

Finally, Mr. Smith is not without remedy in the Michigan courts. If he wishes to challenge an order or judgment terminating his parental rights, on the ground that he was not properly notified of the action, he arguably has recourse under M.C.R. 2.612(C)(3), which provides:

> "(3) This subrule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; to grant relief to a defendant not actually personally notified as provided in subrule (B); or to set aside a judgment for fraud on the court."

## IV.    CONCLUSION

For these reasons, I recommend that the Court *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(1).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Date: July 7, 2011

**CERTIFICATE OF SERVICE**

I hereby certify on July 7, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 7, 2011: **Sam Smith.**

                                           s/Michael E. Lang
                                           Deputy Clerk to
                                           Magistrate Judge R. Steven Whalen
                                           (313) 234-5217