UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH, III,

       Plaintiff,

                                          No. 10-13898

-vs-                                 District Judge Mark A. Goldsmith
                                 Magistrate Judge R. Steven Whalen

LYNN M. DAVIDSON, ET AL.,

       Defendants.

_____/

**ORDER**

       Before the Court is Plaintiff's Motion to Compel Discovery and to Appoint Counsel [Doc. #65]. The request to compel discovery is GRANTED, and the request to appoint counsel is DENIED WITHOUT PREJUDICE.

       Plaintiff has submitted an interrogatory to all Defendants (and this would apply to all Defendants who have not been dismissed) seeking the address of Defendant Deborah Ellis, who has not been served. Defendant Wojnarowicz's counsel responded that it would be best to stay discovery until his client's motion to dismiss has been decided.

       I previously entered an order setting a discovery deadline. *See* Doc. #46. I have previously granted a motion to compel discovery. *See* Doc. #49. Because Plaintiff is a prison inmate, the conference requirement of Fed.R.Civ.P. 26(f) does not apply. *See* Fed.R.Civ.P. 26(f)(1) and 26(a)(1)(B)(iv). Accordingly, Plaintiff's motion to compel is GRANTED, and the surviving Defendants shall, within 21 days of the date of this Order, submit answers under oath to this interrogatory. If they don't know where Ellis lives, they will so indicate.

       However, Plaintiff's request for counsel must be denied at this time. Unlike criminal cases, there is no constitutional or statutory right to the appointment of counsel

in civil cases. Rather, the Court requests members of the bar to assist in appropriate cases. In *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993), the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (Internal quotations and citations omitted).

It is the practice of this Court to defer any attempt to obtain counsel for *pro se* civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied. At this point, Plaintiff's motion to appoint counsel is premature. If Plaintiff's claims ultimately survive dispositive motions, he may renew his motion for appointment of counsel at that time.

Accordingly, Plaintiff's motion to compel is GRANTED.

Plaintiff's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.


Dated: January 30, 2014        s/ R. Steven Whalen
                               R. STEVEN WHALEN
                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 30, 2014, electronically and/or by U.S. mail..

                               s/Michael Williams
                               Case Manager for the
                               Honorable R. Steven Whalen