UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH III, # 241580,

      Plaintiff,

vs.

      Case No. 10-CV-13898

      HON. MARK A. GOLDSMITH

LYNN M. DAVIDSON, et al.,

      Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE RECOMMENDATIONS CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JANUARY 29, 2014 (Dkt. 68) and THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JANUARY 30, 2014 (Dkt. 69), OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 73), and DISMISSING THE CASE WITH PREJUDICE**

**I. INTRODUCTION**

Plaintiff Sam Smith III, a state prisoner currently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan, filed a pro se complaint, alleging violations of his federal civil rights and state law claims. Plaintiff named various employees of the State of Michigan as defendants. Plaintiff claims that the "intentional and grossly negligent acts and omissions of state officials . . . prevented Plaintiff from asserting his parental rights." Compl. ¶ 14 (Dkt. 1). Plaintiff's claims arise from his efforts to locate a child that he fathered, and whose birth mother, Christa Brinkmeirer, broke off contact after Plaintiff was returned to prison as a parole violator. Id. ¶¶ 15-21. Plaintiff contacted a number of government agencies, seeking their assistance in establishing paternity, but ultimately his rights were terminated in a child-protective proceeding in St. Clair County, of which he claims not to have had notice. Id. ¶¶ 23-40.

The Court has already issued two orders in this lawsuit, dismissing claims against all but three of the served defendants, governmental employees who Plaintiff claims caused him to lose his parental rights.[1] See 3/30/12 Order (Dkt. 11), 3/29/13 Order (Dkt. 43). Now before the Court are two Reports and Recommendations (R&Rs) issued by Magistrate Judge R. Steven Whalen — one issued on January 29, 2014 (Dkt. 68) and the other issued on January 30, 2014 (Dkt. 69) — which address the claims against the remaining three served defendants, Edward Messing, Michael Wendling, and Misty Wojnarowicz (hereinafter, collectively referred to as "Defendants"). The factual and procedural background of this case, along with the standard of review and legal principles governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), have been adequately set forth by the Magistrate Judge in his R&Rs and need not be repeated here. The first R&R recommends granting Wojnarowicz's pending motion to dismiss (Dkt. 55) made under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. The second R&R recommends granting Messing and Wendling's joint motion to dismiss (Dkt. 50) also made pursuant to Rule 12(b)(6). Plaintiff filed objections to the Magistrate Judge's recommendations, see Pl. Objs. (Dkt. 73), and Wojnarowicz filed a response to Plaintiff's objections (Dkt. 77). The Court reviews de novo those portions of the R&Rs to which a specific objection has been made. Fed. R. Civ. P. 72(b)(3). For the reasons

---

[1] One defendant, Deborah Ellis, has not been served. Plaintiff moved for service upon Ellis by the U.S. Marshal (Dkt. 34), which the Magistrate Judge granted (Dkt. 45). However, the U.S. Marshal has been unable to locate and serve Ellis. Additionally, Plaintiff filed a motion to compel (Dkt. 65), seeking to have Defendants Messing, Wendling, and Wojnarowicz disclose Ellis' address. The Magistrate Judge granted this motion (Dkt. 71), but it appears that the defendants did not have Ellis' address and had nothing to disclose. See 2/24/14 Order (Dkt. 76) (denying Plaintiff's motion for sanctions because Wojnarowicz properly complied with the Court's order granting Plaintiff's motion to compel and stated that she did not have information responsive to Plaintiff's request). Thus, as the time for service has long-since run under Federal Rule of Civil Procedure 4(m) and without any other operative order extending the time for service, the Court dismisses Ellis without prejudice.

2

that follow, the Court will accept the recommendations in the R&Rs, overrule Plaintiff's objections, and grant the motions to dismiss.

## II. ANALYSIS

Plaintiff sued Defendants in their official and personal capacities. In his objections, Plaintiff contends that the Magistrate Judge erred in recommending dismissal of the complaint against Defendants under Eleventh Amendment immunity for his official capacity claims and under qualified immunity for his personal capacity claims. Plaintiff does not direct his objections to any specific defendant, but rather frames his objections so as to attack the R&Rs' treatment of the issues of Eleventh Amendment immunity and qualified immunity as applies to Defendants in general. The Court addresses Plaintiff's objections in turn.

### A. Plaintiff's first objection

In his first objection, Plaintiff argues that the R&Rs incorrectly concluded that the Eleventh Amendment bars his official capacity claims against Defendants because he is seeking prospective injunctive relief, "namely, a 'permanent injunction requiring defendants to take appropriate actions consistent with a finding that they violated Plaintiff's rights.'" Pl. Objs. at 2-3 (quoting Compl. at 12 (Dkt. 1)). In particular, Plaintiff explains that he seeks an injunction requiring Defendants to notify the St. Clair Circuit Court that Defendants "violated Plaintiff's Constitutional and common-law rights by withholding information and providing false information to Plaintiff and to the court about the then-pending parental-rights termination proceeding regarding Blake Anthony Brinkmeier, which resulted in the termination of Plaintiff's parental rights." Id. at 3. In response, Wojnarowicz argues that Plaintiff seeks "retroactive injunctive relief to redress alleged past violations" and, therefore, the Eleventh Amendment bars his claim against her. Def. Resp. at 3-4. The Court rejects Plaintiff's argument.

Plaintiff sued Defendants in both their personal and official capacities. Compl. ¶¶ 4, 5, 8. As the R&Rs stated, Eleventh Amendment "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." Ernst v. Rising, 427 F.3d 351, 358 (6th Cir. 2005). Permissible injunctive relief "serves directly to bring an end to a present violation of federal law." Id. However, the Eleventh Amendment bars injunctive relief "that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law." Id. at 367.

Here, Plaintiff requests a "temporary and permanent injunction requiring defendants to take appropriate actions consistent with a finding that they violated Plaintiff's rights." Pl. Objs. at 2-3. As the Court previously held in its order overruling Plaintiff's objections to the R&R recommending dismissal of other defendants, see 3/29/13 Order at 16-17, no present actions are threatened against Plaintiff. There is no continuing violation of federal law. The injunctive relief Plaintiff demands is nothing more than an attempt to adjudicate the alleged impropriety of past actions. Because under the Eleventh Amendment injunctive relief of this nature is not available, the Magistrate Judge did not err in recommending dismissal of Plaintiff's official capacity claims against Defendants.[2]

Accordingly, the Court overrules Plaintiff's first objection.

**B. Plaintiff's second objection**

---

[2] Furthermore, Plaintiff's reliance on Whitfield v. Tennessee, 639 F.3d 253 (6th Cir. 2011) is misplaced. Whitfield involved a claim for prospective injunctive relief in the form of compelling an employer to reinstate a former employee after discriminating against the employee in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Whitfield, 639 F.3d at 257. The prospective injunctive relief — reinstatement — was meant to remedy a continuing violation of federal law, namely the alleged continuing disability discrimination. Id. That case is plainly distinguishable from the relief Plaintiff seeks in the instant case, which involves compensation for alleged past injuries by state officials.

4

In his second objection, Plaintiff argues that the Magistrate Judge erred by determining that Defendants enjoyed qualified immunity to bar Plaintiff's personal capacity claims. Pl. Objs. at 5-10. Specifically, Plaintiff explains that the authority cited by the R&Rs, primarily Pittman v. Cuyahoga County Department of Children and Family Services, 640 F.3d 716 (6th Cir. 2011), is distinguishable and not controlling. Plaintiff contends that Defendants — and not the state court that terminated his parental rights — were the "ultimate decisionmakers" regarding his parental rights because their actions prevented him from participating in the state-court proceedings that ultimately lead to the termination of his parental rights. Pl. Objs. at 8. Plaintiff also objects that the R&Rs failed to determine that he had a clearly established right. Id. at 9-10.[3] In her response, Wojnarowicz argues that Pittman is dispositive of Plaintiff's claim against her because the state court was the ultimate decisionmaker regarding parental rights. Plaintiff's claims against Defendants lack merit.

At the outset, the Court notes that Plaintiff failed to object to the primary bases to dismiss Defendants Messing and Wendling provided by the Magistrate Judge. In the second R&R, the Magistrate Judge recommended that Wendling — the chief elected prosecutor of St. Clair County — be dismissed because the complaint lacks any plausible allegation that Wendling was personally involved in the termination proceedings. Second R&R at 6 (Dkt. 69). The lack of personal involvement is a fatal flaw for Plaintiff's § 1983 complaint under Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984). Id. Furthermore, Plaintiff failed to object to the second R&R's recommendation that Messing — a staff attorney of the Macomb County Friend of Court — be

---

[3] Plaintiff's argument on whether the right he claims was clearly established is not quite clear. It appears that the right Plaintiff claims was clearly established was the right to have a state social worker inform the state court "of either the identity of a parent in a pending child-protective case or, if the parents' identity cannot be ascertained, [that] 'reasonable efforts . . . made to locate and identify the parent.'" Pl. Objs. at 9 (quoting Mich. Comp. Laws. § 712A.19(3)(a)(i)).

5

dismissed because he owed no duty to Plaintiff. Id. at 8. This basis for dismissal was identical to one of the bases to dismiss former defendant Lynn Davidson, the Macomb County Friend of Court, in the Court's March 29, 2013 Order. Id. Plaintiff's failure to object to these grounds of dismissal constitutes waiver to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").

Additionally, Defendants have invoked qualified immunity, a doctrine that "protects government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pittman, 640 F.3d at 727 (quotation marks and ellipsis omitted). Whether a government official may invoke qualified immunity requires a two-part inquiry: (i) a court must determine whether "the plaintiff has alleged facts which, when taken in the light most favorable to him, show that the defendant-official's conduct violated a constitutionally protected right;" and (ii) a court must analyze "whether that right was clearly established such that a reasonable official, at the time the act was committed, would have

understood that his behavior violated that right." Id. (brackets omitted). Courts have discretion as to the order in which to address the two prongs of qualified immunity. Id.

As the R&Rs recognized, the Pittman court faced a similar inquiry as here. In that case, the plaintiff alleged that a social worker had made false representations to a state court in a parental rights case and had interfered with the plaintiff's right to participate in those proceedings. The court assumed for the purposes of qualified immunity analysis that the plaintiff had a clearly established right to "maintaining his parent-child relationship." Id. Nevertheless, finding that the social worker was entitled to qualified immunity, the Sixth Circuit held that the juvenile court had the "ultimate decisionmaking power with respect to placement and custody" and that the juvenile court "alone could deprive" the plaintiff of his right. Id. at 729. The actions of the social worker did not violate the plaintiff's rights and the social worker was shielded by qualified immunity. Id.

Notwithstanding Plaintiff's objection, Pittman's reasoning applies directly to his case. Assuming, like the Pittman court, that Plaintiff, as he alleges in his complaint, had a constitutional right under the First Amendment to family integrity (or having a state social worker perform their duties in a way to preserve a parent's right to family integrity), any constitutional deprivation could not have been inflicted by Defendants. The St. Clair Circuit Court, through Judge Elwood Brown, terminated Plaintiff's paternity rights. See Compl. ¶ 41 (referencing Judge Brown's termination order of September 25, 2008). That court was the ultimate decisionmaker regarding Plaintiff's constitutional rights, if any. Pittman, 640 F.3d at 729. Therefore, on the facts alleged in the complaint as concerns Defendants, Plaintiff fails to state a claim for which relief can be granted.

Accordingly, the Court overrules Plaintiff's second objection.

### III. CONCLUSION

For the reasons stated above, the Court overrules Plaintiff's objections and accepts and adopts the recommendations contained in the R&Rs. The claims against Defendants are dismissed with prejudice.

SO ORDERED.

Dated: March 13, 2014                  s/Mark A. Goldsmith
     Flint, Michigan                  MARK A. GOLDSMITH
                                                     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2014.

                                                       s/Deborah J. Goltz
                                                       DEBORAH J. GOLTZ
                                                       Case Manager